IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| LYNN ALLAN JENKINS I, <br><br> Plaintiff, <br><br> vs. <br><br> MTGLQ INVESTORS, L.P., et al., <br><br> Defendants. | ORDER AND <br><br> MEMORANDUM DECISION <br><br><br> Case No. 1:03-CV-148 TC |

On August 3, 2005, the court held a hearing during which various matters were addressed, including the contempt of Plaintiff Lynn Allan Jenkins I and the imposition of sanctions against Mr. Jenkins. Defendants appeared through counsel and Mr. Jenkins appeared *pro se*.[1] For the reasons set forth during the hearing, the court finds and orders as follows:

1. <u>Mr. Jenkins' Contempt</u>

The court, based upon representations of the parties, determined that Mr. Jenkins has not yet purged himself of his contempt.[2] He has not completed the tasks required of him by the court, including filing papers in various courts and county recorders' offices necessary to clear the records of Mr. Jenkins' invalid judgment against the Defendants. Because Mr. Jenkins

---

[1] For a brief period, when the court held a hearing on the issue of whether Mr. Jenkins was in contempt of court, Mr. Jenkins was represented by counsel. Mr. Jenkins' counsel has since withdrawn his representation of Mr. Jenkins.

[2] On June 6, 2005, the court held Mr. Jenkins in civil contempt. (<u>See</u> June 6, 2005 Order, Docket No. 71.)

demonstrated confusion as to the proper procedures to follow, the court determined that, in order to promptly facilitate the result to which Defendants are entitled, Mr. Jenkins will have to rely on, and pay for, the expertise of the Defendants' counsel, who will research the procedures, draft the appropriate papers, obtain Mr. Jenkins' signature on the papers, and file the papers. During the hearing, Mr. Jenkins expressly consented to reliance on Defendants' counsel and payment of reasonable attorneys' fees and costs. Mr. Jenkins will purge himself of his contempt only when he signs the documents and pays the reasonable attorneys' fees[3] and costs incurred by the Defendants in preparing and filing the necessary papers.

Accordingly, no later than Friday, August 19, 2005, Defendants shall submit to Mr. Jenkins (with a copy to the court) the papers requiring Mr. Jenkins' signature. Mr. Jenkins will have ten days from the date of his receipt of the papers to file an objection with the court (with a copy to the Defendants) regarding the content of the papers presented for his signature. If Mr. Jenkins objects, the court will review his objections and the papers and promptly issue a ruling addressing Mr. Jenkins' objections. If an objection is filed, and after the court rules on the objection, Mr. Jenkins is, nevertheless, obligated to sign the papers (subject to the court's ruling on the objections, if any). Once the papers have been filed and the necessary procedures followed, Defendants shall submit to Mr. Jenkins (with a copy to the court) copies of the executed papers (and related documents) as well as an invoice of attorneys' fees and costs associated with the preparation and filing of the papers. Mr. Jenkins shall have ten days from the receipt of the invoice to file any reasonable objection to the amount of attorneys' fees and costs. Upon court review of any objection filed by Mr. Jenkins, Mr. Jenkins shall promptly pay the

---

[3] The court finds that Defendant counsel Mr. Pratt's hourly fee of $250.00 is reasonable.

invoice approved by the court.

2.      Defendants' Motion for Reconsideration of Rule 11 Sanctions Award

During the court's hearing on June 23, 2005, the court granted the Defendants' Motion to Reconsider the court's March 14, 2005 sanctions order against Mr. Jenkins. Since that time, the Defendants have filed documentation of all attorneys' fees and costs incurred as a result of Mr. Jenkins' frivolous pleadings (totaling approximately $32,000). Defendants request all of their attorneys' fees and costs.

The court has thoroughly explored the reasons for the imposition of Rule 11 sanctions in the March 14, 2005 Order. Based on the contents of the March 14, 2005 Order, governing law, and representations made by the parties at the August 3, 2005 hearing, the court finds that the $1,000 sanction imposed in that Order did not deter Mr. Jenkins from continuing to violate Rule 11. The primary purpose of Rule 11 sanctions is to deter future violations.

As noted in the court's March 14, 2005 Order, although Rule 11 specifically allows the award of attorney's fees as an appropriate sanction, it does not create an entitlement to full compensation each time a frivolous paper is filed. White v. General Motors Corp., 908 F.2d 675, 683 (10th Cir. 1990). An appropriate amount of sanctions is the minimum amount that will adequately deter the undesirable behavior. Dodd Ins. Servs., Inc. v. Royal Ins. Co. of America, 935 F.2d 1152, 1159 (10th Cir. 1991). The court has determined that, in addition to the $1,000 already paid by Mr. Jenkins to the court, an award of $15,000.00 in attorneys' fees to Defendants, payable by Mr. Jenkins, is an appropriate sanction amount. Mr. Jenkins must pay $15,000.00 to the Defendants no later than ninety days from the date of this Order.

3. <u>Mr. Jenkins' Motion to Remand to State Court</u>

Mr. Jenkins recently filed a Motion to Remand Action to the State Court. For the reasons set forth at the hearing on August 3, 2005, as well as the reasons set forth in the Defendants' opposition to Mr. Jenkins' motion, Mr. Jenkins' Motion to Remand Action to the State Court is DENIED. Furthermore, Mr. Jenkins' request to file supplemental case law in connection with his Motion to Remand is also DENIED.

IT IS SO ORDERED this 4th day of August, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge