IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

FILED
U.S. DISTRICT COURT

2005 OCT 17  P 1: 32

DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

| | |
|---|---|
| LYNN ALLAN JENKINS I,<br><br>Plaintiff,<br><br>vs.<br><br>MTGLQ INVESTORS, L.P., et al.,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 1:03-CV-148 TC |

On September 8, 2005, the court issued an Order to Show Cause why *pro se* Plaintiff

Lynn Allan Jenkins should not be held in further contempt for his refusal on the record to fully

comply with the court's March 14, 2005 Order (ordering, among other things, that Plaintiff "take

the steps necessary to vacate or set aside any judgments filed or domesticated in foreign

jurisdictions based upon the Utah default judgment that has been set aside") and the court's

August 4, 2005 Order (ordering Mr. Jenkins to, among other things, purge his contempt by

signing documents necessary to vacate and set aside the judgments in foreign jurisdictions). See

Sept. 8, 2005 Order (Docket No. 101); Aug. 4, 2005 Order (Docket No. 90); Mar. 14, 2005 Order

(Docket No. 57).

The court issued the Order to Show Cause in response to Mr. Jenkins' August 26, 2005

Objections to Proposed Orders of Defendant (Docket No. 97). In his August 2005 Objections,

Mr. Jenkins states, among other things, that he **cannot in good faith**, obey an unlawful order

nor sign a misrepresented document." (Id. at 5-6 (emphasis in original).) The "unlawful order"

refers to the court's March 14, 2005 Order and the court's August 4, 2005 Order. The "misrepresented document" he refers to are documents that MTGLQ's counsel prepared for his signature at the court's request and upon Mr. Jenkins' acquiescence. (See Transcript of August 3, 2005 Hearing at 12-13.) The documents prepared by MTGLQ are attached to this Order as Exhibit 1.

Mr. Jenkins, in his objections, refers to the documents as "illegal" and suggests that "the Utah State Bar and the United States Bar associations should remove their bar licenses to practice law of Mr. Pratt, his partners and associates in Utah and Georgia, until such time as they have completed a course in federal constitutional law versus state constitutional law, removal actions and understand the mandates of the 'Full Faith and Credit' clause of the United States Constitution." (Aug. 2005 Objections at 6.) He further asserts that he "shall proceed with the Utah and Georgia judgments and execute upon those judgments, under state law...." (Id. at 5.)

On September 21, 2005, Mr. Jenkins filed his Response to Court's Order to Show Cause. (See Docket No. 111.) In it, he stated that "Jenkins can find nothing in his objections to MTGLQ's proposed state court orders that was filed in bad faith nor contrary to the 'rule of law.'"

The court held a contempt hearing on October 14, 2005. Mr. Jenkins appeared on his own behalf. MTGLQ was represented by Mr. George Pratt. At the hearing, Mr. Jenkins was again given the opportunity to sign the documents. He refused to sign them unless the court signed them with a statement that the court had jurisdiction to order him to sign the documents. The court again reviewed the documents Mr. Jenkins was to sign, and found nothing improper about them. The court declined to sign the documents because it was neither necessary nor

2

appropriate to do so, and again ordered Mr. Jenkins to sign the documents.  He refused.

Based on Mr. Jenkins' refusal to sign the documents, the court found Mr. Jenkins in civil contempt of court.

This court has the power to "punish by fine or imprisonment, or both, at its discretion such contempt of its authority [such as] disobedience or resistance to its lawful . . . order. . . ." 18 U.S.C. § 401(3).  Given the history and nature of Mr. Jenkins' dispute with the court and MTGLQ in this matter, the court remanded Mr. Jenkins to the custody of the United States Marshals where he will stay until he signs the papers.

Mr. Jenkins has the key to the jailhouse door.  The court has notified Mr. Jenkins that at any time, he may purge himself of contempt by signing the papers.  At such a point, he will be released immediately from custody.

The court also orders (and this order serves as notice to all parties) that a status conference will be held on Friday, October 21, 2005, at 1:30 p.m.

IT IS SO ORDERED this 17th day of October, 2005.

BY THE COURT:

TENA CAMPBELL
United States District Judge

COURT'S EXHIBIT 1

LYNN A. JENKINS I.
3 East 2750 South
Bountiful City, Utah 84010
Telephone:  (801) 299-1520
Plaintiff, *pro se,*

RECE~~IVE~~
OCT 1 4 2005
OFFICE OF
JUDGE TENA CAMPBELL

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LYNN ALLAN JENKINS I., | ) **Civil Action No. 03A12533-7** |
| | ) |
| Plaintiff, | ) RE:  JUDGMENT FROM SECOND |
| | ) DISTRICT COURT, DAVIS COUNTY, |
| v. | ) UTAH |
| | ) |
| MTGLQ INVESTORS, L.P., and JOHN DOES | ) Case No. CV-030700197 |
| 1 THROUGH 10, | ) |
| | ) |
| Defendants. | ) |

**AFFIDAVIT OF LYNN ALLAN JENKINS I. IN SUPPORT OF MOTION TO VACATE
AND SET ASIDE ORDER AND FINAL JUDGMENT**

STATE OF UTAH        )
                     : ss.
COUNTY OF DAVIS      )

Lynn Allan Jenkins I., being duly sworn, deposes and says:

1.      I, Lynn Allan Jenkins I., am the plaintiff in this action.

2.      On January 8, 2004, an Order And Final Judgment On Proceeding for

Enforcement of Foreign Judgment was filed in this Court (hereafter the "Judgment"), pursuant to

*Ga. Code Ann.* §§ 9-11-60, *et seq.*, the Uniform Enforcement of Foreign Judgments Law.  A true

and correct copy of the Judgment is attached hereto as Exhibit A.

708066v1

3.      The Judgment was based on a default judgment that had been filed on September 3, 2003, in the Second Judicial District Court of Davis County, State of Utah, in Civil No. 030700197 (the "Davis County Lawsuit"). A true and correct copy of the default judgment is attached hereto as Exhibit B.

4.      On December 12, 2003, defendant MTGLQ Investors, L.P. ("MTGLQ") filed a Notice of Removal of the Davis County Lawsuit, effectuating the removal of the Davis County Lawsuit to the United States District Court for the District of Utah. A true and correct copy of the Notice of Removal is attached hereto (without exhibits) as Exhibit C.

5.      Following removal to the federal district court MTGLQ filed a motion to set aside the default judgment, pursuant to Rule 60(b), Federal Rules of Civil Procedure, which was granted by the Honorable Tena Campbell, United States District Court Judge. A certified copy of the Utah federal district court's Order Re: Pending Motions, filed April 20, 2004, is attached hereto as Exhibit D.

6.      The Utah federal district court's Order Re: Pending Motions provides, among other things, "that the Motion of Defendant MTGLQ Investors, L.P. to Set Aside Default Judgment is granted." *See* Order Re: Pending Motions, Exhibit D hereto, p. 2.

7.      Meanwhile, however, based on the default judgment entered in the Davis County Lawsuit, the Judgment (referenced in paragraph 2 above), had been filed in this Court.

8.      Although the undersigned plaintiff disagrees with the Utah federal district court's Order Re: Pending Motions, the current status of the default judgment originally entered in the Davis County Lawsuit is that it has been set aside.

9.      Later on Judge Campbell entered another Order, filed March 14, 2005, as follows:

Plaintiff (Lynn Allan Jenkins I.) is hereby ORDERED to take the steps necessary
to have the Georgia judgment set aside and vacated, so that it no longer appears as
an outstanding obligation of MTGLQ in the State Court of DeKalb County.

A certified copy of Judge Campbell's Order filed March 14, 2005 is attached hereto as Exhibit E.

10.     As of August 3, 2005, I had not yet complied with the Utah federal district court's

order to set aside and vacate the Judgment filed in this Court.

11.     Accordingly, on August 3, 2005, a hearing was held in which Judge Campbell

again ordered the undersigned plaintiff to take the steps necessary to vacate and set aside the

Judgment.  A certified copy of the Utah federal district court's Order And Memorandum

Decision filed August 4, 2005, is attached hereto as Exhibit F.

EXECUTED this _____ day of October, 2005.


_____
Lynn Allan Jenkins I.


STATE OF UTAH              )
                           : ss.
COUNTY OF DAVIS            )

On the _____ day of October, 2005, personally appeared before me Lynn Allan
Jenkins I., the signer of the foregoing instrument, who duly acknowledged to me that he executed
the same.


_____
NOTARY PUBLIC
Residing at:_____

My Commission Expires:


_____

708066v1                                    3

EXHIBIT A

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

Action NO. 03A12533-7

LYNN ALLAN JENKINS I
Plaintiff

vs.

MTGLQ INVESTORS L.P. C/O AGENT KATHY BERG, UTAH DIVISION OF CORPORATIONS & COMMERCIAL CODE
Defendant

RE:   JUDGMENT FROM:
SECOND DISTRICT COURT OF DAVIS
COUNTY UTAH

Case No. CV-030700197

ORDER AND FINAL JUDGMENT ON PROCEEDING FOR
ENFORCEMENT OF FOREIGN JUDGMENT

O.C.G.A. § 9-12-130

WHEREAS, a request and affidavit having been filed in this Court pursuant to the Uniform Enforcement of Foreign Judgments Law, O.C.G.A. § 9-12-130 (et seq) for enforcement of the judgment of the above referenced court between the parties in this proceeding, and authenticated copy having been filed with this proceeding, and the Clerk of this Court having made certification of the mailing of notice to the judgment debtor as provided by said act, and the judgment debtor having made no response or motion to this proceeding.

IT IS ORDERED AND ADJUDGED that the judgment of the foreign court above referenced and a copy of same being filed in this action, is made the judgment of this Court in the amount of $663,527.94 Principal, $TBD Interest, $TBD Attorney Fees together with court cost in the amount of $76.50 and shall have the same effect as a judgment of this Court and the Clerk shall treat the foreign judgment in the same manner as a judgment of this Court.

This January 8th , 2004.

Judge, State Court of DeKalb County

ufjlmrg

FILED IN THIS OFFICE
THIS 8 DAY OF Jan 2004

Clerk, State Court, DeKalb County

RECEIVED IN THIS OFFICE
THIS 20 DAY OF Oct 20 03

Clerk, State Court, DeKalb County

CC: Lynn Allan Jenkins I
CC: MTGLQ Investors LP.

EXHIBIT B

LYNN A. JENKINS, I.,
Plaintiff, *pro se*,
3 East 2750 South
Bountiful, Utah 84010
Telephone: (801) 299-1513



FILED

SEP -4 2003

SECOND
DISTRICT COURT

IN THE SECOND JUDICIAL DISTRICT COURT,
DAVIS COUNTY, STATE OF UTAH

| | | |
|---|---|---|
| LYNN ALLAN JENKINS I., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGMENT |
| vs. | ) | |
| | ) | |
| MTGLQ INVESTORS L.P.,a defunct | ) | |
| Delaware limited partnership and | ) | |
| John Does 1 through 10, | ) | Civil No. 030700197 |
| | ) | |
| Defendants. | ) | |
| | ) | Judge Michael G. Allphin |

This action was filed on April 11, 2003 and served June 13, 2003, upon the

defendant MTGLQ Investors L.P., a Delaware limited partnership, through its

agent, Director Kathy Berg, Utah Division of Corporation & Commercial Code,

and the issues of the Complaint being in default as of July 3, 2003, pursuant to

Utah Rules of Civil Procedures Rule 55 the Court enters its Judgment.

It is Ordered and Adjudged that plaintiff Lynn A. Jenkins I., recover from

defendant MTGLQ Investors L.P., as follows:

JUDGMENT ENTERED

BY _____

Judgment  @J

Page -1-

JD11239425
030700197    MTGLQ INVESTORS LP,UTAH DIVISION

1. That plaintiff's property located in the City of Syracuse, Davis County,

Utah is free and clear as of July 3, 2002, containing approximately 22.59 acres

described as follows:

PARCEL 4:
Beginning 30 rods East of the center of Section 5, Township 4 North, Range
2 West, Salt Lake Meridian, in the City of Syracuse, and running thence
South 160 rods to a point 30.0 rods East of the South Quarter corner of said
Section 5; thence East 1.0 rod; thence North 25.0 rods; thence East 9.0 rods;
thence South 25.0 rods; thence East 123.5 feet; thence North 351.0 feet;
thence East 124.0 feet; thence North 2289.0 feet to the North line of the
Southeast Quarter of said Section 5; thence West 25.0 rods to the point of
beginning.;

2. That defendant MTGLQ INVESTORS L.P., is a defunct Delaware

limited partnership and its owners, partners, agents, directors or officers are

personally and severally liable for MTGLQ Investors' judgment herein;

3. That MTGLQ Investors has failed to file as an foreign limited

partnership in the state of Utah therefore the Director of the Utah Division of

Corporations has been appointed its agent for service as provide by Utah Code

Annotated §48-2a-907(4);

4. That plaintiff and Mr. Edwin M. Higley entered into several business

arrangements concerning properties in Utah and Idaho in or about September 1987

which included the plaintiff's 22.59 acres;

5. That on November 10, 1989, Western Farm Credit Bank and Mr. Higley

Page -2-

entered into a Restructured Loan Agreement that included an Amendment to Deed

of Trust With Assignment of Rents which instrument included as security the

interest to the plaintiff's 22.59 acres;

   6. That on December 29, 1994, MTGLQ Investors received from Farm

Credit an Assignment of Deed of Trust With Assignment of Rents assigning to

MTGLQ Investors the Farm Credit security of the plaintiff's 22.59 acres;

   7. That plaintiff was an "accommodation party" for the Farm Credit's 1989

restructuring loan, as provided by the Farm Credit Act of 1971, and he pledged all

the security for Mr. Higley's Farm Credit loan;

   8. That on June 14, 2002, MTGLQ Investors' payoff on the Farm Credit

loan of $191,190.45 was false and judgment in that amount is doubled pursuant to

Utah Code Annotated §76-10-1605 plus lawful interest from June 14, 2002;

   9. That on or about July 3, 2002 plaintiff sold his 22.59 acres and since that

date has maintained on deposit in Security Title's Trust Account $291,759.31

which amount is doubled pursuant to Utah Code Annotated §76-10-1605, and

judgment entered against MTGLQ Investors in the total amount of $583,518.62

plus interest from July 3, 2002;

   10. That on July 1, 2002, the amount due and owing on the Farm Credit

loan is $744.25;

Page -3-

11. That on September 1, 2002, MTGLQ Investors claimed the amount due for Mr. Higley's Farm Credit loan to be $133,488.44 which amount was false therefore the amount is doubled pursuant to Utah Code Annotated §76-10-1605, and judgment against MTGLQ Investors in the amount of $266,976.88 plus lawful interest from and September 1, 2002;

12. That MTGLQ Investors has acted unlawfully and in bad faith and has converted Mr. Higley's Farm Credit loan as applied to the Farm Credit Act of 1971 and Utah Code Annotated §70A-3-420 in the amount payable on the instrument of $331,763.97 which amount is doubled pursuant to Utah Code Annotated §76-10-1605, and judgment entered against MTGLQ Investors in the total amount of $663,527.94, plus interest of 9% from November 10, 1989; and

13. For cost of suit and attorney's fees.

DATED this 3 day of Sept, 2003.

By The Court:

The Honorable Michael G. Allphin

Defendant's Agent Address:
Director Kathy Berg,
Utah Division of Corporation & Commercial Code
160 South 300 East
Box 146705
Salt Lake City, Utah 84114-6705

Page -4-

EXHIBIT C

George W. Pratt (USB #2642)
JONES, WALDO, HOLBROOK & McDONOUGH
Attorneys for MTGLQ Investors, L.P.
170 South Main Street, Suite 1500
Post Office Box 45444
Salt Lake City, Utah  84145-0444
Telephone:  (801) 521-3200
Facsimile:  (801) 328-0537

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LYNN ALLAN JENKINS I, | : |
| Plaintiff, | : **NOTICE OF REMOVAL** |
| v. | : Judge Dale A. Kimball |
| MTGLQ INVESTORS, L.P., and JOHN DOES : | DECK TYPE: Civil<br>DATE STAMP: 12/12/2003 @ 15:51:23 |
| 1 THROUGH 10, | : CASE NUMBER:  1:03CV00148  DAK |
| Defendants. | : |

MTGLQ Investors, L.P. ("MTGLQ") hereby provides notice of the removal of this civil action, filed in the Second Judicial District Court of Davis County, State of Utah, to the United States District Court for the District of Utah.  In connection with this removal, MTGLQ respectfully represents as follows:

1.  On or about April 11, 2003 an action was commenced against MTGLQ by the filing of a Complaint in the Second Judicial District Court of Davis County, State of Utah, styled Lynn Allan Jenkins I v. MTGLQ Investors, L.P., et al., Civil No. 030700197 (the "Action").  A copy of the Complaint is attached hereto as Exhibit A.

2.  The Complaint has never been served on MTGLQ, nor has MTGLQ ever been served with a Summons in connection with the Action.

3.     Indeed, MTGLQ was completely unaware of the Action until November 24, 2003, when MTGLQ's legal counsel received a Foreclosure Report with respect to certain real property collateral held by MTGLQ located in Davis County.  A true and correct copy of this Certified Foreclosure Report is attached hereto as Exhibit B.

4.     As reflected in Schedule B to the Foreclosure Report, a Judgment, taken by default, was entered in the Action on September 4, 2003, in favor of plaintiff Lynn Allan Jenkins I. ("Jenkins"), against MTGLQ.  A true and correct copy of this Judgment is attached hereto as Exhibit C.

5.     This Action is a civil action of which the Court has original jurisdiction under 28 U.S.C. § 1332, which may be removed to this Court pursuant to 28 U.S.C. § 1441, in that:

    a.     Plaintiff Jenkins is a resident of Davis County, Utah, and a citizen of the State of Utah;

    b.     Defendant MTGLQ is a limited partnership organized under the laws of the State of Delaware, whose principal place of business is in New York, New York; and

    c.     The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

DATED this _12th_ day of December, 2003.

JONES, WALDO, HOLBROOK & McDONOUGH

By_____
George W. Pratt
Attorneys for MTGLQ Investors, L.P.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___12th__ day of December, 2003, I caused a true and

correct copy of the foregoing NOTICE OF REMOVAL to be served, by first class mail, postage

prepaid, on the following:

        Lynn A. Jenkins I
        3 East 2750 South
        Bountiful, UT 84010

EXHIBIT D

FILED
CLERK, U.S. DISTRICT COURT

2004 APR 20 P 2:55

DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

RECEIVED

APR 0 6 2004

OFFICE OF
JUDGE TENA CAMPBELL



George W. Pratt (USB #2642)
JONES, WALDO, HOLBROOK & McDONOUGH, PC
Attorneys for MTGLQ Investors, L.P.
170 South Main Street, Suite 1500
Post Office Box 45444
Salt Lake City, Utah 84145-0444
Telephone: (801) 521-3200
Facsimile: (801) 328-0537

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| LYNN ALLAN JENKINS I., | : |
| Plaintiff, | : **ORDER RE: PENDING MOTIONS** |
| | : |
| | : Case No. 1:03-CV-00148 TC |
| v. | : |
| | : |
| MTGLQ INVESTORS. L.P., and JOHN DOES | : Honorable Tena Campbell |
| 1 THROUGH 10, | : |
| | : Magistrate Judge David O. Nuffer |
| Defendants. | : |

On March 31, 2004 a hearing was held before the Court on the following motions:

1.      Plaintiff's Motion to Dismiss Or Strike, filed December 17, 2003;

2.      Motion of Defendant MTGLQ Investors, L.P. to Set Aside Default Judgment,

filed January 21, 2004; and

3.      Plaintiff's Motion to Dismiss For Lack of Jurisdiction, filed February 3, 2004.

At the hearing the plaintiff, Lynn Allan Jenkins, I., appeared <u>pro se</u>. Defendant MTGLQ

Investors. L.P. appeared through its counsel, George W. Pratt, of Jones, Waldo, Holbrook &

McDonough.

637365v1

The Court has reviewed and carefully considered all the papers filed in connection with the pending motions. It has also heard and considered the arguments and representations that were made at the time of the hearing. For reasons stated on the record at the conclusion of the hearing, the Court is of the opinion that plaintiff's motions should be denied, and defendant's motion should be granted.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss Or Strike is denied.

IT IS FURTHER ORDERED that the Motion of Defendant MTGLQ Investors, L.P. to Set Aside Default Judgment is granted.

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss For Lack of Jurisdiction is denied.

IT IS FURTHER ORDERED that following entry of this Order, MTGLQ Investors, L.P. shall have thirty days to answer or otherwise respond to plaintiff's Complaint.

DATED this _20_ day of April, 2004.

Honorable Tena Campbell
United States District Court Judge

I hereby certify that the annexed is a true and correct copy of a document or an electronic docket entry on file at the United States District Court for the District of Utah.
# of pages _4_
Date: _10-13-05_
MARKUS B. ZIMMER, Clerk
By:_____
    Deputy Clerk

637365v1

2

Approved as to form:

Lynn Allan Jenkins, Jr.

George W. Pratt
Attorney for MTGLQ Investors, L.P.

alt

United States District Court
for the
District of Utah
April 21, 2004

* * CERTIFICATE OF SERVICE OF CLERK * *

Re:  1:03-cv-00148

True and correct copies of the attached were either mailed, faxed or e-mailed
by the clerk to the following:

      Lynn Allan Jenkins I
      3 E 2750 S
      BOUNTIFUL, UT  84010

      George W. Pratt, Esq.
      JONES WALDO HOLBROOK & MCDONOUGH
      170 S MAIN ST STE 1500
      PO BOX 45444
      SALT LAKE CITY, UT  84145-0444
      EMAIL

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

FILED
U.S. DISTRICT COURT

2005 MAR 14  P 2: 55

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

| | | |
|---|---|---|
| LYNN ALLAN JENKINS I., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:03-CV-148-TC |
| | ) | |
| v. | ) | |
| | ) | **O R D E R** |
| MTGLQ INVESTORS, L.P., et al., | ) | |
| | ) | District Judge Tena Campbell |
| Defendants. | ) | Magistrate Judge David Nuffer |

The default judgment against MTGLQ Investors, L,.P., obtained by Plaintiff Lynn Allan

Jenkins I, in the Second Judicial District Court, State of Utah, was set aside by order of this court

on April 20, 2004. (Order Re: Pending Motions, Docket No. 30.) Plaintiff has caused an Order

and Final Judgment to be entered in a state court in DeKalb County, Georgia, domesticating the

default judgment obtained in the Utah state court. Accordingly, Plaintiff is hereby ORDERED to

take the steps necessary to have the Georgia judgment set aside and vacated, so that it no longer

appears as an outstanding obligation of MTGLQ in the State Court of DeKalb County. Plaintiff

is further ORDERED to notify opposing counsel of any other location or jurisdiction where he

has abstracted, filed, or domesticated the Utah default judgment and take the necessary steps to

have any such judgment set aside and vacated as well.

DATED this __14__ day of March, 2005.

BY THE COURT:

*Tena Campbell*

Tena Campbell
United States District Judge

I hereby certify that the annexed is a true and correct
copy of a document or an electronic docket entry on
file at the United States District Court for the District
of Utah.
# of pages_____2_____
Date: _____10-13-05_____
MARKUS B. ZIMMER, Clerk
_____
Deputy Clerk

alt

United States District Court
for the
District of Utah
March 15, 2005


\* \* CERTIFICATE OF SERVICE OF CLERK \* \*


Re:  1:03-cv-00148


True and correct copies of the attached were either mailed, faxed or e-mailed
by the clerk to the following:


     Lynn Allan Jenkins I
     3 E 2750 S
     BOUNTIFUL, UT  84010

     George W. Pratt, Esq.
     JONES WALDO HOLBROOK & MCDONOUGH
     170 S MAIN ST STE 1500
     PO BOX 45444
     SALT LAKE CITY, UT  84145-0444
     EMAIL

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| LYNN ALLAN JENKINS I,<br><br>Plaintiff,<br><br>vs.<br><br>MTGLQ INVESTORS, L.P., et al.,<br>Defendants. | ORDER AND<br>MEMORANDUM DECISION<br><br><br>Case No. 1:03-CV-148 TC |

On August 3, 2005, the court held a hearing during which various matters were addressed, including the contempt of Plaintiff Lynn Allan Jenkins I and the imposition of sanctions against Mr. Jenkins. Defendants appeared through counsel and Mr. Jenkins appeared *pro se*.[1] For the reasons set forth during the hearing, the court finds and orders as follows:

1.    Mr. Jenkins' Contempt

The court, based upon representations of the parties, determined that Mr. Jenkins has not yet purged himself of his contempt.[2] He has not completed the tasks required of him by the court, including filing papers in various courts and county recorders' offices necessary to clear the records of Mr. Jenkins' invalid judgment against the Defendants. Because Mr. Jenkins

---

[1]For a brief period, when the court held a hearing on the issue of whether Mr. Jenkins was in contempt of court, Mr. Jenkins was represented by counsel. Mr. Jenkins' counsel has since withdrawn his representation of Mr. Jenkins.

[2]On June 6, 2005, the court held Mr. Jenkins in civil contempt. (See June 6, 2005 Order, Docket No. 71.)

demonstrated confusion as to the proper procedures to follow, the court determined that, in order

to promptly facilitate the result to which Defendants are entitled, Mr. Jenkins will have to rely

on, and pay for, the expertise of the Defendants' counsel, who will research the procedures, draft

the appropriate papers, obtain Mr. Jenkins' signature on the papers, and file the papers.  During

the hearing, Mr. Jenkins expressly consented to reliance on Defendants' counsel and payment of

reasonable attorneys' fees and costs.  Mr. Jenkins will purge himself of his contempt only when

he signs the documents and pays the reasonable attorneys' fees[3] and costs incurred by the

Defendants in preparing and filing the necessary papers.

Accordingly, no later than Friday, August 19, 2005, Defendants shall submit to Mr.

Jenkins (with a copy to the court) the papers requiring Mr. Jenkins' signature.  Mr. Jenkins will

have ten days from the date of his receipt of the papers to file an objection with the court (with a

copy to the Defendants) regarding the content of the papers presented for his signature.  If Mr.

Jenkins objects, the court will review his objections and the papers and promptly issue a ruling

addressing Mr. Jenkins' objections.  If an objection is filed, and after the court rules on the

objection, Mr. Jenkins is, nevertheless, obligated to sign the papers (subject to the court's ruling

on the objections, if any).  Once the papers have been filed and the necessary procedures

followed, Defendants shall submit to Mr. Jenkins (with a copy to the court) copies of the

executed papers (and related documents) as well as an invoice of attorneys' fees and costs

associated with the preparation and filing of the papers.  Mr. Jenkins shall have ten days from the

receipt of the invoice to file any reasonable objection to the amount of attorneys' fees and costs.

Upon court review of any objection filed by Mr. Jenkins, Mr. Jenkins shall promptly pay the

---

[3]The court finds that Defendant counsel Mr. Pratt's hourly fee of $250.00 is reasonable.

invoice approved by the court.

2.      Defendants' Motion for Reconsideration of Rule 11 Sanctions Award

During the court's hearing on June 23, 2005, the court granted the Defendants' Motion to Reconsider the court's March 14, 2005 sanctions order against Mr. Jenkins. Since that time, the Defendants have filed documentation of all attorneys' fees and costs incurred as a result of Mr. Jenkins' frivolous pleadings (totaling approximately $32,000). Defendants request all of their attorneys' fees and costs.

The court has thoroughly explored the reasons for the imposition of Rule 11 sanctions in the March 14, 2005 Order. Based on the contents of the March 14, 2005 Order, governing law, and representations made by the parties at the August 3, 2005 hearing, the court finds that the $1,000 sanction imposed in that Order did not deter Mr. Jenkins from continuing to violate Rule 11. The primary purpose of Rule 11 sanctions is to deter future violations.

As noted in the court's March 14, 2005 Order, although Rule 11 specifically allows the award of attorney's fees as an appropriate sanction, it does not create an entitlement to full compensation each time a frivolous paper is filed. White v. General Motors Corp., 908 F.2d 675, 683 (10th Cir. 1990). An appropriate amount of sanctions is the minimum amount that will adequately deter the undesirable behavior. Dodd Ins. Servs., Inc. v. Royal Ins. Co. of America, 935 F.2d 1152, 1159 (10th Cir. 1991). The court has determined that, in addition to the $1,000 already paid by Mr. Jenkins to the court, an award of $15,000.00 in attorneys' fees to Defendants, payable by Mr. Jenkins, is an appropriate sanction amount. Mr. Jenkins must pay $15,000.00 to the Defendants no later than ninety days from the date of this Order.

3

3.    Mr. Jenkins' Motion to Remand to State Court

    Mr. Jenkins recently filed a Motion to Remand Action to the State Court.  For the reasons

set forth at the hearing on August 3, 2005, as well as the reasons set forth in the Defendants'

opposition to Mr. Jenkins' motion, Mr. Jenkins' Motion to Remand Action to the State Court is

DENIED.  Furthermore, Mr. Jenkins' request to file supplemental case law in connection with

his Motion to Remand is also DENIED.

    IT IS SO ORDERED this 4th day of August, 2005.

                                BY THE COURT:

                                *Tena Campbell*

                                TENA CAMPBELL
                                United States District Judge

I hereby certify that the annexed is a true and correct
copy of a document or an electronic docket entry on
file at the United States District Court for the District
of Utah.
# of pages _____
Date: _____
MARKUS B. ZIMMER, Clerk
By: _____
    Deputy Clerk

4



**RECEIVED**

OCT 14 2005

**OFFICE OF
JUDGE TENA CAMPBELL**

LYNN A. JENKINS I.
3 East 2750 South
Bountiful City, Utah 84010
Telephone: (801) 299-1520
Plaintiff, *pro se,*

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LYNN ALLAN JENKINS I., | ) **Civil Action No. 03A12533-7** |
| | ) |
| Plaintiff, | ) RE: JUDGMENT FROM SECOND |
| | ) DISTRICT COURT, DAVIS COUNTY, |
| v. | ) UTAH |
| | ) |
| MTGLQ INVESTORS, L.P., and JOHN DOES | ) Case No. CV-030700197 |
| 1 THROUGH 10, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO VACATE AND SET ASIDE ORDER AND FINAL JUDGMENT

The plaintiff in this action, Lynn Allan Jenkins I., hereby moves the Court, pursuant to

*Ga. Code Ann.*, § 9-11-60, to vacate and set aside the Order And Final Judgment On Proceeding

For Enforcement of Foreign Judgment, filed in this Court on January 8, 2004. This motion is

supported by the Affidavit of Lynn Allan Jenkins I. In Support of Motion to Vacate and Set

Aside Order And Final Judgment (the "Jenkins Affidavit"), that is filed herewith.

### STATEMENT OF FACTS

1.     On January 8, 2004, an Order And Final Judgment On Proceeding for

Enforcement of Foreign Judgment was filed in this Court (hereafter the "Judgment"), pursuant to

708144v1

*Ga. Code Ann.* §§ 9-11-60, *et seq.*, the Uniform Enforcement of Foreign Judgments Law.  A true and correct copy of the Judgment is attached to the Jenkins Affidavit as Exhibit A.  Jenkins Affidavit ¶ 2.

2.      The Judgment was based on a default judgment that had been filed on September 3, 2003, in the Second Judicial District Court of Davis County, State of Utah, in Civil No. 030700197 (the "Davis County Lawsuit").  A true and correct copy of the default judgment is attached to the Jenkins Affidavit as Exhibit B.  Jenkins Affidavit ¶ 3.

3.      On December 12, 2003, defendant MTGLQ Investors, L.P. ("MTGLQ") filed a Notice of Removal of the Davis County Lawsuit, effectuating the removal of the Davis County Lawsuit to the United States District Court for the District of Utah.  A true and correct copy of the Notice of Removal is attached to the Jenkins Affidavit (without exhibits) as Exhibit C. Jenkins Affidavit ¶ 4.

4.      Following removal to the federal district court MTGLQ filed a motion to set aside the default judgment, pursuant to Rule 60(b), Federal Rules of Civil Procedure, which was granted by the Honorable Tena Campbell, United States District Court Judge.  A certified copy of the Utah federal district court's Order Re:  Pending Motions, filed April 20, 2004, is attached to the Jenkins Affidavit as Exhibit D.  Jenkins Affidavit ¶ 5.

5.      The Utah federal district court's Order Re:  Pending Motions provides, among other things, "that the Motion of Defendant MTGLQ Investors, L.P. to Set Aside Default Judgment is granted."  *See* Order Re:  Pending Motions, Exhibit D to the Jenkins Affidavit, p. 2. Jenkins Affidavit ¶ 6.

6.      Meanwhile, however, based on the default judgment entered in the Davis County Lawsuit, the Judgment (referenced in paragraph 2 above), had been filed in this Court. Jenkins Affidavit ¶ 7.

7.      Although the undersigned plaintiff disagrees with the Utah federal district court's Order Re: Pending Motions, the current status of the default judgment originally entered in the Davis County Lawsuit is that it has been set aside. Jenkins Affidavit ¶ 8.

8.      Later on Judge Campbell entered another Order, filed March 14, 2005, as follows:

Plaintiff (Lynn Allan Jenkins I.) is hereby ORDERED to take the steps necessary to have the Georgia judgment set aside and vacated, so that it no longer appears as an outstanding obligation of MTGLQ in the State Court of DeKalb County.

A certified copy of Judge Campbell's Order filed March 14, 2005 is attached to the Jenkins Affidavit as Exhibit E. Jenkins Affidavit ¶ 9.

9.      As of August 3, 2005, the plaintiff had not yet complied with the Utah federal district court's order to set aside and vacate the Judgment filed in this Court. Jenkins Affidavit ¶ 10.

10.      Accordingly, on August 3, 2005, a hearing was held in which Judge Campbell again ordered the plaintiff to take the steps necessary to vacate and set aside the Judgment. A certified copy of the Utah federal district court's Order And Memorandum Decision filed August 4, 2005, is attached to the Jenkins Affidavit as Exhibit F. Jenkins Affidavit ¶ 11.

### ARGUMENT

As described above, the default judgment that was obtained in the Davis County Lawsuit has been set aside, pursuant to Rule 60(b), Federal Rules of Civil Procedure, by the United States District Court for the District of Utah. For that reason, Federal District Judge Campbell has

708144v1                                3

ordered the plaintiff to "take the steps necessary to have the Georgia judgment set aside and vacated, so that it no longer appears as an outstanding obligation of MTGLQ in the State Court of DeKalb County." *See* Statement of Facts, ¶ 8. Since the default judgment on which the Judgment filed in this proceeding is predicated has been set aside, the Judgment in this proceeding should also be set aside.

## CONCLUSION

For the reasons set forth above, plaintiff Lynn Allan Jenkins I. hereby moves the Court to enter an order vacating and setting aside the Judgment filed in this Court on January 8, 2004.

DATED this _____ day of October, 2005.


_____
Lynn Allan Jenkins I.

RECEIVED

OCT 1 4 2005

OFFICE OF
JUDGE TENA CAMPBELL

LYNN ALLAN JENKINS I.
3 East 2750 South
Bountiful City, Utah 84010
Telephone:  (801) 299-1520
Plaintiff, *pro se,*

IN THE SECOND JUDICIAL DISTRICT COURT OF DAVIS COUNTY

STATE OF UTAH

| | | |
|---|---|---|
| LYNN ALLAN JENKINS I., | : | **PLAINTIFF'S NOTICE OF ENTRY OF** |
| | : | **ORDER SETTING ASIDE JUDGMENT** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil No. 030700197 |
| MTGLQ INVESTORS, L.P., and JOHN DOES | : | |
| 1 THROUGH 10, | : | Honorable Michael G. Allphin |
| | : | |
| Defendants. | : | |

PLEASE TAKE NOTICE that the Judgment, entered by the Second Judicial District

Court of Davis County, State of Utah on September 3, 2003, has been set aside, pursuant to

Rule 60(b), Federal Rules of Civil Procedure.  In connection with this Notice, Lynn Allan

Jenkins I. represents as follows:

1.       The default Judgment that was filed in this action on September 3, 2003, was

recorded with the Davis County Recorder, in Book 3366, Page 2204, as Entry No. 1905285.

2.       Accordingly, the Judgment became a lien against all real property located in Davis

County, in which defendant MTGLQ Investors, L.P., held an interest, including but not limited to

the following real property located in Davis County, Utah:

708139v1

Beginning 30 rods East of the center of Section 5, Township 4 North, Range 2 West, Salt Lake Meridian, in the City of Syracuse, and running thence South 160 rods to a point 30.0 rods East of the South Quarter corner of said Section 5; thence East 1.0 rod; thence North 25.0 rods; thence East 9.0 rods; thence South 25.0 rods; thence East 123.5 feet; thence North 351.0 feet; thence East 124.0 feet; thence North 2289.0 feet to the North line of the Southeast Quarter of said Section 5; thence West 25.0 rods to the point of beginning.

3.    On December 12, 2003, defendant MTGLQ Investors, L.P. ("MTGLQ") filed its Notice of Removal of this action with the Clerk of Court of the United States District Court for the District of Utah, Central Division, where the action was assigned Case No. 1:03CV00148.

4.    Thereafter, on December 16, 2003, MTGLQ filed in the Second District Court its Notice of Filing of Notice of Removal to the United States District Court for the District of Utah, providing notice of the removal of the action.

5.    Following removal to the federal district court MTGLQ filed, on January 21, 2004, its Motion of Defendant MTGLQ Investors, L.P. to Set Aside Default Judgment. This motion was granted at a hearing held on March 31, 2004.

6.    A certified copy of the federal district court's Order Re: Pending Motions, filed April 20, 2004, is attached hereto as Exhibit A. This Order provides, among other things: "IT IS FURTHER ORDERED that the Motion of Defendant MTGLQ Investors, L.P. to Set Aside Default Judgment is granted."

7.    Accordingly, the Judgment of the Second Judicial District Court, which was recorded with the Davis County Recorder on September 3, 2003, in Book 3366, at Page 2204, Entry No. 1905285, has been vacated and set aside, and is of no further force or effect.

EXECUTED this _____ day of October, 2005.

_____
Lynn Allan Jenkins I.

708139v1                                                2

STATE OF UTAH        )
                                  : ss.
COUNTY OF DAVIS   )

On the _____ day of October, 2005, personally appeared before me Lynn Allan Jenkins I., the signer of the foregoing instrument, who duly acknowledged to me that he executed the same.

                                          _____

                                          NOTARY PUBLIC
                                          Residing at:_____

My Commission Expires:

_____

EXHIBIT A



FILED
CLERK. U.S. DISTRICT COURT
2004 APR 20 P 2: 55
DISTRICT OF UTAH
BY: _____
DEPUTY

RECEIVED
APR 0 6 2004
OFFICE OF
JUDGE TENA CAMPBELL

George W. Pratt (USB #2642)
JONES, WALDO, HOLBROOK & McDONOUGH, PC
Attorneys for MTGLQ Investors, L.P.
170 South Main Street, Suite 1500
Post Office Box 45444
Salt Lake City, Utah 84145-0444
Telephone: (801) 521-3200
Facsimile: (801) 328-0537

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| LYNN ALLAN JENKINS I., | : |
| Plaintiff, | : **ORDER RE: PENDING MOTIONS** |
| | : Case No. 1:03-CV-00148 TC |
| v. | : |
| MTGLQ INVESTORS, L.P., and JOHN DOES | : Honorable Tena Campbell |
| 1 THROUGH 10, | : |
| | : Magistrate Judge David O. Nuffer |
| Defendants. | : |

On March 31, 2004 a hearing was held before the Court on the following motions:

1.   Plaintiff's Motion to Dismiss Or Strike, filed December 17, 2003;

2.   Motion of Defendant MTGLQ Investors, L.P. to Set Aside Default Judgment,

filed January 21, 2004; and

3.   Plaintiff's Motion to Dismiss For Lack of Jurisdiction, filed February 3, 2004.

At the hearing the plaintiff, Lynn Allan Jenkins, I., appeared pro se. Defendant MTGLQ

Investors, L.P. appeared through its counsel, George W. Pratt, of Jones, Waldo, Holbrook &

McDonough.

637365v1

The Court has reviewed and carefully considered all the papers filed in connection with the pending motions. It has also heard and considered the arguments and representations that were made at the time of the hearing. For reasons stated on the record at the conclusion of the hearing, the Court is of the opinion that plaintiff's motions should be denied, and defendant's motion should be granted.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss Or Strike is denied.

IT IS FURTHER ORDERED that the Motion of Defendant MTGLQ Investors, L.P. to Set Aside Default Judgment is granted.

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss For Lack of Jurisdiction is denied.

IT IS FURTHER ORDERED that following entry of this Order, MTGLQ Investors, L.P. shall have thirty days to answer or otherwise respond to plaintiff's Complaint.

DATED this _20_ day of April, 2004.

Honorable Tena Campbell
United States District Court Judge

I hereby certify that the annexed is a true and correct
copy of a document or an electronic docket entry on
file at the United States District Court for the District
of Utah.
# of pages _4_
Date: _10-13-05_
MARKUS B. ZIMMER, Clerk
By: _____
        Deputy Clerk

Approved as to form:

Lynn Allan Jenkins J.

George W. Pratt
Attorney for MTGLQ Investors, L.P.

alt

United States District Court
for the
District of Utah
April 21, 2004

* * CERTIFICATE OF SERVICE OF CLERK * *

Re:  1:03-cv-00148

True and correct copies of the attached were either mailed, faxed or e-mailed
by the clerk to the following:

Lynn Allan Jenkins I
3 E 2750 S
BOUNTIFUL, UT  84010

George W. Pratt, Esq.
JONES WALDO HOLBROOK & MCDONOUGH
170 S MAIN ST STE 1500
PO BOX 45444
SALT LAKE CITY, UT  84145-0444
EMAIL

LYNN A. JENKINS I.
3 East 2750 South
Bountiful City, Utah 84010
Telephone: (801) 299-1520
Plaintiff, *pro se,*

RECEIVE

UC 1 4 2005

**OFFICE OF
JUDGE TENA CAMPBELL**

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LYNN ALLAN JENKINS I., | ) **Civil Action No. 03A12533-7** |
| | ) |
| Plaintiff, | ) RE: JUDGMENT FROM SECOND |
| | ) DISTRICT COURT, DAVIS COUNTY, |
| v. | ) UTAH |
| | ) |
| MTGLQ INVESTORS, L.P., and JOHN DOES | ) Case No. CV-030700197 |
| 1 THROUGH 10, | ) |
| | ) |
| Defendants. | ) |

**ORDER VACATING AND SETTING ASIDE ORDER AND FINAL JUDGMENT ON
PROCEEDING FOR ENFORCEMENT OF FOREIGN JUDGMENT**

Based upon Plaintiff's Motion to Vacate and Set Aside Order and Final Judgment, and

the supporting Affidavit of plaintiff Lynn Allan Jenkins I., and good cause appearing,

**IT IS ORDERED AND ADJUDGED** that the Order And Final Judgment On

Proceeding for Enforcement of Foreign Judgment, filed in this action on January 8, 2004, is

hereby vacated and set aside, and is of no further force or effect.

DATED this _____ day of _____, 2005.

_____
Judge, State Court of DeKalb County

Approved as to form:

_____
Lynn Allan Jenkins I.

708146v1